UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **AIRIZ COLEMAN BEY,** | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 18-cv-02515 (TSC) |
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, et al.,** | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Plaintiff Airiz Coleman Bey, proceeding *pro se*, brings this suit alleging various injuries stemming from Deutsche Bank National Trust Company's ("Deutsche Bank NTC") foreclosure of his mortgage note and the subsequent sale of his home. Defendants Deutsche Bank NTC, Elizabeth A. Ostermann, Judge Peter J. Kontos, Trumbull County Assistant Prosecutor Lynn B. Griffith, III, Sheriff Paul S. Monroe, Deputy Sheriff Dominic Massary, the office of the Trumbull County Sheriff, Shapiro, Van Ess, Phillips & Barragate, LLP ("SVPB"), Matthew Murtland, and Christopher G. Phillips have moved to dismiss Plaintiff's complaint in its entirety (ECF Nos. 5, 10, 18, 33)[1]; and Plaintiff has filed two opposition briefs (ECF Nos. 28 and 31).

For the reasons stated below, the court will **GRANT** Defendants' motions to dismiss.

### I. BACKGROUND

Plaintiff, an Ohio resident, owned property at 2710 Orchard Avenue S.E., in Warren, Ohio. (ECF No. 1 ("Compl.") ¶ 1, Ex. 1 at 5.) In December 2004, Plaintiff

---

[1] By Order dated May 22, 2019, the court dismissed Plaintiff's claims against Alan M. Jacobs because Plaintiff failed to file proof of service. (*See* ECF No. 27, "Order of Partial Dismissal.")

1

mortgaged his property as security in exchange for a loan of $54,000 from New Century Mortgage Corporation. (Compl. Ex. 1 at 9.) From the record, it appears that Plaintiff was notified by letter dated April 6, 2015, that he had missed monthly mortgage payments. (ECF No. 18-5 at 10–11.)

In November 2015, New Century Liquidating Trust Successor-in-Interest for New Century Mortgage Corporation, represented by Carrington Mortgage Services, LLC, assigned Plaintiff's mortgage to Deutsche Bank NTC. (Compl. Ex. 1 at 29.) The Assignment of Mortgage agreement was prepared by SVPB and signed by Ostermann, as Vice President of Carrington Mortgage Services. (*Id.*)

In December 2015, Deutsche Bank NTC filed a complaint for foreclosure against Plaintiff with the Trumbull County, Ohio Court of Common Pleas. (Compl. ¶ 4, Ex. 1 at 5–8.) Deutsche Bank NTC was represented by Murtland and Phillips of SVPB. (Compl. Ex 1. at 8.) Judge Kontos presided over the action and ultimately granted the foreclosure. (*See* Compl. ¶ 8, Ex. 1 at 39, 43.) Subsequently, Trumbull County Sheriff sold the property to Deutsche Bank NTC. (*See* ECF No. 10 ("Def. Judge Peter J. Kontos' MTD") at 1; ECF No. 18-13 at 2.)

Following the sale, Plaintiff brought this case seeking the return of his home and $10,000,000 to compensate him for the destruction of his property and video projects. (Compl. ¶ 9.)

## II. STANDARD OF REVIEW

A plaintiff bears the burden of establishing a factual basis for the court's exercise of personal jurisdiction over the defendants. *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990). To meet this burden, a plaintiff must allege "specific acts connecting the

defendant[s] with the forum." *Second Amend. Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001) (alteration in original). In evaluating whether a plaintiff has established personal jurisdiction, the court "may receive and weigh affidavits and other relevant matter[s] to assist in determining the jurisdictional facts." *Bigelow v. Garrett*, 299 F. Supp. 3d 34, 41 (D.D.C. 2018) (quotation marks and citations omitted). However, "when deciding personal jurisdiction without an evidentiary hearing[,] . . . the court must resolve factual disputes in favor of the plaintiff." *Livnat v. Palestinian Auth.*, 851 F.3d 45, 57 (D.C. Cir. 2017).

The court is mindful that *pro se* pleadings must be liberally construed, as they are held to "less stringent standards than formal pleadings drafted by lawyers." *Budik v. Dartmouth–Hitchcock Med. Ctr.*, 937 F. Supp. 2d 5, 11 (D.D.C. 2013) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Further, "[a]t the motion to dismiss stage . . . pro se complaints[] are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). However, this liberal standard "is not . . . a license to ignore the Federal Rules of Civil Procedure." *Neuman v. United States*, 70 F. Supp. 3d 416, 422 (D.D.C. 2014) (quotation marks and citations omitted).

### III. ANALYSIS

A court can exercise two forms of personal jurisdiction over a defendant: general jurisdiction and specific jurisdiction. General jurisdiction "permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit," while specific jurisdiction requires an "affiliation between the forum and the underlying controversy." *Livnat*, 851 F.3d at 56 (citation omitted). Courts in this district determine whether general or specific jurisdiction may be exercised by reference to District of Columbia law. *United States v. Ferrara*,

54 F.3d 825, 828 (D.C. Cir. 1995), amended (July 28, 1995). Then, they decide whether exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. *See GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000) ("A court must first examine whether jurisdiction is applicable under the state's long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process.").

Section 13-422 of the D.C. Code enables a District of Columbia court to exercise general jurisdiction "over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief." D.C. Code § 13-422. If a corporate defendant is neither incorporated in nor has its principal place of business in the District of Columbia, the court may exercise general jurisdiction, pursuant to Section 13-334(a) of the D.C. Code, if the corporate defendant is "doing business in the District." D.C. Code § 13-334(a); *see also FC Inv. Grp. LC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1091 n.5 (D.C. Cir. 2008) ("Although section 13–334(a) expressly addresses service of process, the D.C. Court of Appeals has held that section 13–334(a) also grants general personal jurisdiction over 'a foreign corporation which carries on a consistent pattern of regular business activity' within the District.").

Specific jurisdiction is appropriate where the claim for relief arises from the defendants:

(1) transacting any business in the District of Columbia;
(2) contracting to supply services in the District of Columbia;
(3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
(5) having an interest in, using, or possessing real property in the District of Columbia . . .

4

D.C. Code § 13-423(a).[2] The unifying element of each avenue is a connection to the District of Columbia.

Here, as detailed below, Plaintiff has failed to establish a factual basis for the court's exercise of personal jurisdiction over any of the remaining defendants.

### A. Lynn B. Griffith, III, Sheriff Paul S. Monroe, Deputy Massary, and Trumbull County Sheriff's Office ("Trumbull County Defendants") (ECF No. 5)

This court does not have general or specific jurisdiction over the Trumbull County Defendants, who are all residents of Ohio. (*See* ECF No. 5-1 ("Decl. of Lynn B. Griffith, III") ¶ 3; ("Decl. of Paul S. Monroe") ¶ 3; ("Decl. of Dominic Massary") ¶ 3.) The requirements for general jurisdiction have not been met because the Trumbull County Defendants are Ohio residents, and the complaint and opposition briefs do not allege that any of the Trumbull County Defendants conducted any business in the District of Columbia. For similar reasons, this court also does not have specific jurisdiction over the Trumbull County Defendants. Sections (1), (2), and (5) of D.C. Code 13-423(a) are not met because the Trumbull County Defendants maintain no business, contracts, or property in the District of Columbia. (*See* Decl. of Lynn B. Griffith, III ¶¶ 4–8; Decl. of Paul Monroe ¶¶ 4–7; Decl. of Dominic Massary ¶¶ 4–7.) Sections (3) and (4) are not met because any tortious injury that might have occurred took place in Ohio, not the District of Columbia, (Compl. ¶¶ 4, 8), and Plaintiff does not claim that anyone within the District of Columbia was injured by the alleged tortious acts in Ohio.

### B. Judge Peter J. Kontos (ECF No. 10)

This court also does not have general or specific jurisdiction over Judge Kontos, who has been an Ohio resident since 1960, and who has never resided or maintained a place of business in

---

[2] The other provisions of the long-arm statute deal with the existence of certain contractual or familial relationships that are not relevant for present purposes.

the District of Columbia. (*See* ECF No. 10-1 ("Decl. of the Hon. Peter J. Kontos") ¶¶ 1–3.) Indeed, these facts alone preclude this court's exercise of general jurisdiction. Judge Kontos is not subject to specific jurisdiction because all conduct that Plaintiff alleges Judge Kontos engaged in occurred while Judge Kontos presided over the foreclosure action in Trumbull County, Ohio, (*see* Compl. ¶ 8, Ex. 1 at 39, 43), and there are no allegations that injury was caused in the District of Columbia.

**C. Deutsche Bank NTC and Elizabeth A. Ostermann** (ECF No. 18)

Turning first to Defendant Ostermann, the requirements for general jurisdiction have not been met because Ostermann is and has been a California resident since 1960, and has never resided in the District of Columbia, owned property in the District of Columbia, or maintained a place of business in the District of Columbia. (*See* ECF No. 18 ("Decl. of Ostermann") ¶¶ 2, 4–5.) The requirements for specific jurisdiction have not been met because the allegations regarding Ostermann neither took place in, nor caused injury in, the District of Columbia.

With respect to Deutsche Bank NTC, Plaintiff has also failed to carry his burden in establishing that personal jurisdiction is proper. There are no allegations or evidence that Deutsche Bank NTC is organized under or maintains its principal place of business in the District of Columbia. Thus, Section 13-422 of the D.C. Code is inapplicable. Section 13-334(a) of the D.C. Code does permit the exercise of general jurisdiction over "a foreign corporation doing business in the District," but the jurisdiction is contingent upon the corporation having been served through "the agent of the corporation or person conducting its business, or, when he is absent and cannot be found, by leaving a copy at the principal place of business in the District, or, where there is no such place of business, by leaving a copy at the place of business or residence of the agent in the District." D.C. Code § 13-334(a). "If a plaintiff fails to serve the

6

foreign corporation in the District in this manner, she is foreclosed from benefiting from [the statute's] jurisdictional protection." *Okolie v. Future Servs. Gen. Trading & Contracting Co., W.L.L.*, 102 F. Supp. 3d 172, 175–76 (D.D.C. 2015) (internal quotation marks omitted). Here, as Defendants note, Plaintiff "has provided no evidence he has served Deutsche at all, let alone within the District of Columbia," (ECF No. 18-17 ("Defs. Ostermann and Deutsche Bank MTD") at 6), so the court may not exercise general jurisdiction. And specific jurisdiction is not present because each of Plaintiff's allegations stem from Deutsche Bank NTC's foreclosure activities in Ohio, not the District of Columbia, (*see generally* Compl.), and Plaintiff has provided no basis for this court to find that an injury flowed from the Ohio foreclosure to the District of Columbia.

### D.  SVPB, Matthew Murtland, and Christopher G. Phillips (ECF No. 33)

Finally, with respect to Defendants SVPB, Murtland, and Phillips, the court does not have general or specific jurisdiction. Beginning with general jurisdiction, SVPB has its principal place of business in Ohio, Murtland is a Kentucky resident, and Phillips is an Ohio resident. (*See* ECF No. 33 ("Defs.' SVPB, Murtland, and Phillips' MTD") at 3.) Further, Plaintiff does not allege that SVPB does business in the District of Columbia. Thus, the court does not have general jurisdiction. In addition, Plaintiff has not established specific jurisdiction because the events giving rise to the complaint occurred in Ohio, (*see generally* Compl.), and Plaintiff has not alleged that an injury occurred in District of Columbia.

\*   \*   \*

In sum, this court does not have personal jurisdiction over any of the remaining Defendants because there is no connection to the District of Columbia.[3] Accordingly, Plaintiff's complaint will be dismissed as to the movants.[4]

## IV. CONCLUSION

For the foregoing reasons, the motions to dismiss are hereby **GRANTED**. The Clerk of Court is respectfully requested to close this case.

A corresponding order will issue separately.

Date: May 31, 2019

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

[3] The court considered Rule 4(k)(2), which "permits a federal court to exercise personal jurisdiction over a defendant (1) for a claim arising under federal law, (2) where a summons has been served, (3) if the defendant is not subject to the jurisdiction of any single state court, (4) provided that the exercise of federal jurisdiction is consistent with the Constitution (and laws) of the United States." *Mwani v. bin Laden*, 417 F.3d 1, 10 (D.C. Cir. 2005). However, "[a] defendant who wants to preclude use of Rule 4(k)(2) has only to name some other state in which the suit could proceed," *id.* at 11, and eight movants explicitly referenced a state with respect to Rule 4(k)(2) (*see* Trumbull County Defs.' MTD at 3 ("The Trumbull County Defendants would be subject to general jurisdiction in Ohio."); Def. Judge Peter J. Kontos' MTD at 4 ("Judge Kontos would be subject to general jurisdiction in Ohio."); Defs.' SVPB, Murtland, and Phillips' MTD at 4 ("Each of the Defendants—Murtland, Phillips, and SVPB—would be subject to general jurisdiction in Ohio.")), and the other two movants implicitly referenced a state in which they could be subject to jurisdiction (*see* Defs. Ostermann and Deutsche Bank MTD at 5 ("Ms. Ostermann lives and works in California . . . The New Century Home Equity Loan Trust 2005-1 is created, located, and administrated in Delaware."); *see also* Compl. Ex 1. at 5 (providing that Deutsche Bank NTC has a California office and is "organized and authorized to conduct business in the State of Ohio")).

[4] Because this court has determined it does not have personal jurisdiction, it need not address Defendants' arguments on the merits. *See Sinochem Int'l Co. Ltd. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits"); *see also Forras v. Rauf*, 812 F.3d 1102, 1105 (D.C. Cir. 2016) (affirming dismissal for lack of personal jurisdiction without considering defendant's motion to dismiss for lack of subject-matter jurisdiction).